IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TUYET N. VAN,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 3:25-0187

DESTINY NICOLE FERGUSON,
individually & in her official capacity as a
Deputy for the Cabell County Sheriff's Office,
CABELL COUNTY SHERIFF'S OFFICE,
a West Virginia political subdivision,
CHUCK ZERKLE,
individually and as the former Elected Sheriff of
Cabell County, West Virginia,
DOUG ADAMS,
individually and as the now Elected Sheriff of
Cabell County, West Virginia,
CABELL COUNTY COMMISSION,
a West Virginia political subdivision, and
JOHN DOE 1-10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Partial Motion to Dismiss (ECF 10). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

## BACKGROUND

Plaintiff Tuyet N. Van alleges that Defendant Destiny Nicole Ferguson, a deputy sheriff, showed up at Plaintiff's place of work because of a contract dispute between Plaintiff and a third party. *See* Amend. Compl., ECF 4 ¶¶ 19, 25. Ferguson allegedly demanded that Plaintiff give her $2,000 to satisfy Plaintiff's debt to the third party. *See id.* at 26.

After Plaintiff called 911 and walked away from Ferguson, Ferguson shot Plaintiff with a TASER. *See id.* ¶¶ 31, 34, 46. According to Plaintiff, Ferguson ordered Plaintiff to give Ferguson her hand, to which Plaintiff responded, "Okay, please . . ." Amend. Compl. ¶¶ 47–48. Plaintiff alleges that Ferguson then shot Plaintiff with the TASER a second time. *See id.* ¶ 48.

Plaintiff asserts that other sheriff's deputies, Doe Defendants 1–7, arrived at the scene and neither took a statement from a customer who had witnessed the incident nor intervened "to stop Ferguson from continuing to violate Ms. Van's civil rights." *Id.* ¶ 61.

Plaintiff also alleges that Defendants Chuck Zerkle, Doug Adams, Cabell County Sherrif's Office ("CCSO"), and Cabell County Commission ("CCC") failed to ensure that Ferguson was certified to carry and use a TASER and "failed to train Ferguson on the law so that she understood when seizure and detention of a person was constitutionally permissible." Amend. Compl. ¶ 143–44.

Plaintiff filed the present action, asserting that Defendants violated her rights under federal and state law. *See id.* ¶ 13. Defendants then filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asking the Court to dismiss several of Plaintiff's claims and requests for relief. *See* ECF 11 at 4–19.

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 545. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

## ANALYSIS

### A. Claims Against the CCSO

Defendants ask the Court to dismiss Defendant CCSO. *See* ECF 11 at 4. They contend that the CCSO is not a proper party because state law does not give sheriff's offices the capacity to be sued. *See id.*

Defendants are correct. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held," *Avery v. Burke Cnty.*, 660 F.2d 111, 113–14 (4th Cir. 1981), and West Virginia law does not authorize suits against sheriff's offices, *see Zsigray v. Cnty. Comm'n of Lewis Cnty.*, No. 2:16-CV-64, 2017 WL 462011, at *2 (N.D. W. Va. Feb. 2, 2017), *aff'd*, 709 F. App'x 178 (4th Cir. 2018).

Plaintiff responds by noting that sheriff's offices are distinct legal entities. *See* ECF 14 at 2–5. Plaintiff, however, cites no authority demonstrating that being distinct legal entities gives sheriff's offices the capacity to be sued.

Plaintiff also argues that the West Virginia Supreme Court's decisions in *Helms v. Carpenter* and *Maston v. Wagner* establish that sheriff's offices may be sued under § 1983. *See id.* at 5–6 (citing *Helms v. Carpenter*, No. 16–1070, 2017 WL 5513618, at *6 (W. Va. Nov. 17, 2017); *Maston v. Wagner*, 781 S.E.2d 936, 955 (W. Va. 2015)). However, as this Court has previously explained, "it does not appear in either of these cases that the issue of whether a sheriff's office actually is a separate suable entity was raised or addressed." *Slone v. Racer*, No. 3:23-0636, 2024 WL 4314898, at *3 (S.D. W. Va. Sept. 26, 2024).

Accordingly, the Court will dismiss the CCSO as a party and enter judgment in favor of

3

the CCSO.

### B. Excessive-Force Claims under the Fifth and Fourteenth Amendments

Counts I, II, and III of the Amended Complaint claim that Ferguson used excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments. *See* Amend. Compl. ¶¶ 71, 87, 103. Defendants urge the Court to dismiss Counts I, II, and III insofar as they allege violations of the Fifth and Fourteenth Amendments.

#### i. Fifth Amendment

The Court agrees that the Amended Complaint fails to plausibly allege that Ferguson violated the Fifth Amendment. The Court will dismiss Counts I, II, and III to the extent they allege violations of the Fifth Amendment.

#### ii. Fourteenth Amendment

Plaintiff argues that Ferguson violated the Fourteenth Amendment for two reasons. *First,* Plaintiff notes that the Fourth Amendment's prohibition on excessive force only applies to state officers like Ferguson because the Fourteenth Amendment incorporates the protections of the Fourth Amendment against the states. *See* ECF 14 at 7.

Defendants respond by invoking the "more-specific-provision rule." ECF 15 at 4. This rule provides that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (emphasis in original).

This Court has previously held, however, that the more-specific-provision rule only warrants dismissal where a plaintiff "actually attempt[s] to assert a substantive due process claim." *Davis v. Milton Police Dep't*, No. 3:20-0036, 2020 WL 2341238, at *10 n.10 (S.D. W. Va. May

4

11, 2020). Dismissal is not warranted where a plaintiff invokes the Fourteenth Amendment simply because it incorporates the Fourth Amendment. *See id.*

*Second,* Plaintiff asserts that the Fourteenth Amendment would govern her excessive-force claim if she was subjected to excessive force after she was arrested. *See id.* at 7–8. Indeed, while "the Fourth Amendment . . . governs claims of excessive force during the course of an arrest, . . . "excessive force claims of a[n] . . . arrestee are governed by the Due Process Clause of the Fourteenth Amendment." *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008) (cleaned up). Plaintiff argues that, since the point at which she was arrested is "murky," *id.* at 7 (quoting *Orem*, 523 F.3d at 446), Ferguson's actions could have violated her "rights under either the Fourth or Fourteenth Amendment," *id.* at 8.

Defendants contend that "Plaintiff's *Amended Complaint* does not include any allegations of excessive force which occur after the alleged arrest . . . ." ECF 15 at 5. The Court disagrees. Plaintiff alleges that both TASER uses occurred after Ferguson grabbed Plaintiff's arm twice, *see* Amend. Compl. ¶¶ 29, 32, handcuffed her, *see id.* ¶ 34, and said "I'm going to take her," *id.* ¶ 43. It is quite plausible that Ferguson had arrested Plaintiff by the time Ferguson used the TASER. If she had, Plaintiff's excessive-force claims would indeed be governed by the Fourteenth Amendment rather than the Fourth Amendment. *See Orem*, 523 F.3d at 446. Accordingly, the Court will deny Defendant's Motion with respect to the Fourteenth Amendment claims in Counts I, II, and III.

### C. Count III

Count III alleges that Ferguson used excessive force by handcuffing Plaintiff after tasing her. *See* ECF 14 at 9; Amend. Compl. ¶¶ 1, 4.

Defendants argue that Count III should be dismissed. *See* ECF 15 at 6. They point out that

that "[a]n allegation of handcuffing, without more, does not rise to the level of a plausible excessive force claim." *Id.* True enough. Plaintiff's allegation, however, is not "without more." Plaintiff also alleges that (1) Ferguson showed up at Plaintiff's place of work "because of a civil contract dispute," Amend. Compl. ¶ 25, (2) Plaintiff "was not violent," *id.* ¶ 57, and (3) Plaintiff had lost consciousness and sustained a head injury after Ferguson tased her a second time, *see id.* ¶¶ 1–4. These facts make it plausible that Ferguson's decision to handcuff Plaintiff was unreasonable and therefore constituted excessive force. *See Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003) ("A court determines whether an officer has used excessive force to effect a seizure based on a standard of 'objective reasonableness.'" (quoting *Graham*, 490 U.S. at 399)); *id.* (explaining that this reasonableness test requires considering "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or others,' and . . . [t]he extent of the plaintiff's injury" (quoting *Graham*, 490 U.S. at 396)). The Court will deny Defendants' Motion with respect to Count III.

    **D. Count IV**

Count IV claims that Ferguson's actions constituted an unlawful search and seizure. *See* Amend. Compl. ¶ 117. Defendants argue that Count IV should be dismissed because (1) Plaintiff has not pled that Ferguson searched her and (2) the unlawful-seizure component of Count IV is duplicative of Plaintiff's excessive-force claims. *See* ECF 11 at 6–7.

    *i. Unlawful-Search Claim*

Plaintiff does not make out a plausible unlawful-search claim. Plaintiff argues that Ferguson's entry into Plaintiff's place of employment constituted a search. *See* ECF 14 at 10–11. Plaintiff, however, has pled no facts which would allow the Court to infer that Plaintiff had a reasonable expectation of privacy in her workplace. *See United States v. Davis*, 690 F.3d 226, 241

(4th Cir. 2012) ("A search . . . for Fourth Amendment purposes does not occur . . . when a person lacks a reasonable expectation of privacy in the material examined."). Plaintiff has not alleged that Ferguson went anywhere customers do not normally go. *See Tartt v. Martin*, No. 1:22-00327, 2024 WL 3166953, at *12 (S.D. W. Va. June 25, 2025) ("When the police come on to private property to conduct an investigation and restrict their movements to places visitors could be expected to go . . ., observations made from such vantage points are not covered by the Fourth Amendment." (quoting *United States v. Hatfield*, 333 F.3d 1189, 1194 (10th Cir. 2003))).

Accordingly, the Court will dismiss Count IV to the extent that it alleges an unlawful search.

    ii.   *Unlawful-Seizure Claim*

The Court will deny, however, Defendants' Motion with respect to Plaintiff's unlawful-seizure claim. The unlawful-seizure claim is not redundant. While Counts I, II, and III allege that the *way* Ferguson seized Plaintiff's person was unlawful, s*ee* Amend. Compl. ¶¶ 71, 87, 103, Count IV claims that the seizure itself was unlawful, s*ee id.* ¶ 120. As a result, separating the unlawful-seizure claim from the excessive-force claims was proper. *See Vitalone v. City of New York*, No. 15-cv-8525, 2018 WL 1587591, at *6 ("Because 'the lawfulness of an arrest is irrelevant to an excessive force analysis,' the plaintiff's excessive force claim must be analyzed separately from the false arrest claim." (internal citation omitted) (quoting *Sebright v. City of Rockford*, 585 Fed. App'x 905, 907 (7th Cir. 2014))).

**E. Count VI**

Count VI pleads *Monell* claims against Defendants Zerkle, Adams, CCSO, and CCC. *See* Amend. Compl. ¶ 141.

Defendants ask the Court to dismiss Count VI's claims against Zerkle and Adams because

they are individual county officials. The Court will do so. *Monell* only authorizes suits against "municipalities and other local government units . . . ." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978).

Defendants also ask for dismissal with respect to the CCC, arguing that Plaintiff has failed to plausibly allege that the CCC inadequately trained Ferguson.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Unconstitutionally inadequate training cannot be inferred from a single incident of misconduct. *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003). Plaintiff's allegations of misconduct by Ferguson and Doe Defendants 1–7 are therefore insufficient, on their own, to plausibly demonstrate that the CCC violated Plaintiff's constitutional rights.

Instead, "a plaintiff must 'identify particular deficiencies in a training program that led to the plaintiff's injuries.'" *Reese v. Hannah*, No. 2:23-cv-00805, 2024 WL 3607471, at *4 (S.D. W. Va. July 31, 2024) (quoting *Barnes v. Montgomery Cnty.*, No. 22-1112, 2023 WL 8454633, at *3 (D. Md. Dec. 6, 2023)). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on [a municipality], for the officer's shortcomings may have resulted from factors other than a faulty training program." *Harris*, 489 U.S. at 390–91.

Here, Plaintiff's only non-conclusory allegation about Ferguson's training is that the CCC failed to ensure that Ferguson (1) "was properly certified to carry and use a TASER" and (2) "understood when seizure and detention of a person was constitutionally permissible." Amend. Compl. ¶¶ 143–44. Since these are not allegations that the CCC's training program was somehow deficient—only that Ferguson, in particular, was improperly trained—Plaintiff has failed to state

8

a *Monell* claim. Accordingly, the Court will dismiss the Count VI claims against the CCC.

### F. Count VIII

Count VIII pleads a common-law assault claim, alleging that Ferguson intentionally placed Plaintiff "in apprehension of harmful and offensive contact after each TASER use." Amend. Compl. ¶¶ 168, 170.

Defendants argue that Count VIII should be dismissed because "there is no allegation [Plaintiff] perceived or otherwise was in fear of Deputy Ferguson using force against her." ECF 11 at 14.

The Court disagrees. "An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other . . ., or an imminent apprehension of such contact and (b) the other is thereby put in such imminent apprehension." Restatement (Second) of Torts § 21 (Am. L. Inst. 1965). The Amended Complaint alleges that, after Ferguson tased Plaintiff the second time, Ferguson said, "[y]ou need to give me your hands or I'm going to have to shock you again." Amend. Compl. ¶ 54. This, coupled with the allegation that Ferguson had already used her TASER twice without provocation, *see* Amend. Compl. ¶¶ 46–48, is enough to suggest that Ferguson put Plaintiff in imminent apprehension of harmful contact during the encounter. The Court will deny this part of Defendants' Motion.

### G. Count IX

Count IX alleges that Ferguson committed common-law negligence when she deployed the TASER against Plaintiff. *See* Amend. Compl. ¶ 175.

Defendant asserts that Count IX should be dismissed because Plaintiff "alleges Deputy Ferguson only engaged in intentional conduct." ECF 11 at 15. Plaintiff responds by clarifying that it was Ferguson's "belief that TASER use was permitted against Ms. Van" that was negligent, not

9

the TASER use itself. ECF 14 at 13.

The Court finds the D.C. Court of Appeals's discussion of this issue persuasive:

> [I]f, in a case involving the intentional use of force by police officers, a negligence count is to be submitted to a jury, that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care. It is tautological to speak of the applicable standard of care as being the duty not to use excessive force; that is the precise boundary line of the privilege itself, and it matters not whether it is exceeded because of the deliberate intention of the officer or through a mistake as to the limit of objectively reasonable allowable force. Liability is imposed by the very nature of the limitation of the privilege itself. So here, where the battery began with the clear intent of the officers to initiate a seizure, the battery did not transmogrify into negligence by the fact that the officers may have in the process mistakenly crossed the line of permissible force. Any "negligence" was inherent in the battery itself, which remained a battery but now unprivileged.

*District of Columbia v. Chinn*, 839 A.2d 701, 711 (D.C. 2003). Since Ferguson's alleged negligence is subsumed by Plaintiff's battery claim, the Court will dismiss Count IX.

### H. Count X

In their Motion, Defendants asked the Court to dismiss Count X of the Amended Complaint. *See* ECF 11 at 15. Defendants subsequently withdrew their request, *see* ECF 15 at 19, so the Court will deny this part of Defendants' Motion as moot.

### I. Negligent Infliction of Emotional Distress

Count XI alleges that Ferguson's actions "constituted intentional and/or negligent infliction of emotional distress." Amend. Compl. ¶ 190. Defendants ask the Court to dismiss Count XI's claim of negligent infliction of emotional distress. *See* ECF 11 at 16. Plaintiff concedes that the Amended Complaint fails to state such a claim, *see* ECF 14 at 14, so the Court will dismiss Count XI insofar as it alleges negligent infliction of emotional distress.

### J. Count XII

Count XII alleges that Defendants violated Plaintiff's rights under §§ 1, 9, and 10 of Article

III of the West Virginia Constitution. *See* Amend. Compl. ¶ 195. Defendants assert that dismissal is proper because (1) there is no private right of action for violations of §§ 1 and 10 and (2) Plaintiff has not alleged any actions or omissions by Defendants that would violate §§ 9 or 10. *See* ECF 11 at 16–17.

    i.    *Article III, § 1*

This Court has consistently held that "Art. III, § 1 of the West Virginia Constitution . . . 'is a statement of basic principle' and does not independently give rise to a cause of action." *Meade v. Mynes*, No. 2:19-cv-00647, 2020 WL 3697974, at *3 (S.D. W. Va. July 6, 2020) (quoting *Krein v. W. Va. State Police*, No. 2:11-cv-00962, 2012 WL 2470015 at *6 n.6 (S.D. W. Va. June 27, 2012) (collecting cases). The Court will dismiss Plaintiff's § 1 claim.

    ii.    *Article III, § 9*

Article III, § 9 of the West Virginia Constitution provides that:

> [p]rivate property shall not be taken or damaged for public use, without just compensation; nor shall the same be taken by any company, incorporated for the purposes of internal improvement, until just compensation shall have been paid, or secured to be paid, to the owner; and when private property shall be taken, or damaged for public use, or for the use of such corporation, the compensation to the owner shall be ascertained in such manner as may be prescribed by general law: *Provided,* That when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders.

W. Va. Const. art. III, § 9 (emphasis in original).

The Court fails to understand how any of Defendants' alleged misconduct could constitute a taking of private property. The Court will dismiss Plaintiff's § 9 claim.

    iii.    *Article III, § 10*

Defendants cite the West Virginia Supreme Court's decision in *Stepp v. Contrell* for the proposition that § 10 does not provide a private right of action for substantive-due-process claims. *See* ECF 11 at 17 (citing 874 S.E.2d 700, 704–708 (W. Va. 2022)). Defendants overstate *Stepp*'s

holding. There, the court merely concluded that there is no private right of action for *excessive force* claims under § 10, *Stepp*, 874 S.E.2d at 708. Plaintiff's claims are not limited to claims of excessive force.

Plaintiff, however, has failed to present any substantive arguments about why § 10 might provide a private right of action for any of her allegations. Accordingly, the Court will dismiss Plaintiff's § 10 claim.

### K. Punitive Damages Against the CCC

Plaintiff requests punitive damages against the CCC. *See* Amend. Compl. ¶¶ 157, 185, 200. Defendants maintain that these requests should be dismissed because a local government unit like the CCC is immune from punitive damages under both federal and state law. *See* ECF 11 at 17–18 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); W. Va. Code § 29-12A-7(a)). Defendants are correct, and Plaintiff does not contest their Motion on this issue. The Court will dismiss Plaintiff's requests for punitive damages against the CCC.

### L. The CCC's Immunity from Plaintiff's Intentional-Infliction-of-Emotional-Distress Claim

Finally, Defendants argue that Count XI's intentional-infliction-of-emotional-distress claim should be dismissed with respect to the CCC because the CCC is immune from such a claim. *See id.* at 18 (citing *Mallamo v. Town of Rivesville*, 477 S.E.2d 525, 533–34 (W. Va. 1996)). Defendants are correct, and Plaintiff does not contest their Motion on this issue. The Court will dismiss Plaintiff's intentional-infliction-of-emotional-distress claim against the CCC.

### CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendants' Partial Motion to Dismiss (ECF 10).

The Court **DISMISSES** with prejudice: the CCSO as a defendant; Count VI's claims against Defendants Zerkle and Adams; Count XI's intentional-infliction-of-emotional-distress claim against the CCC; Count XII's § 1 claim; and Plaintiff's claims for punitive damages against the CCC.

The Court **DISMISSES** without prejudice: the Fifth Amendment claims of Counts I, II, and III; the unlawful-search claim of Count IV; Count VI's claims against the CCC; Count IX; Count XI's negligent-infliction-of-emotional-distress claim; and Count XII's §§ 9 and 10 claims.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 6, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE