**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TUYET N. VAN,

               Plaintiff,

v.                                      CIVIL ACTION NO. 3:25-0187

DESTINY NICOLE FERGUSON,
individually & in her official capacity as a
Deputy for the Cabell County Sheriff's Office,
CHUCK ZERKLE,
individually and as the former Elected Sheriff of
Cabell County, West Virginia,
DOUG ADAMS,
individually and as the now Elected Sheriff of
Cabell County, West Virginia,
CABELL COUNTY COMMISSION,
a West Virginia political subdivision, and
JOHN DOE 1-10,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Extend the Deposition and Dispositive Motion Deadlines. ECF No. 55. Plaintiff Tuyet N. Van opposes the motion. For the following reasons, the motion **IS DENIED**.

Plaintiff filed this action on March 24, 2025. On June 17, 2025, the Court entered a Scheduling Order, setting, *inter alia*, a deposition completion date of January 1, 2026, a dispositive motion deadline of January 19, 2026, and a trial date of June 9, 2026. On August 14, 2025, the Court *sua sponte* entered an Order, resetting the trial for June 23, 2026. The deposition completion date and dispositive motion deadline remained unchanged.

On October 28, 2025, the parties filed a joint motion to extend the deadlines for a period of ninety days because written discovery and depositions were incomplete. On October 29, 2025, the Court granted the motion and entered an Amended Scheduling Order, which included a deposition completion deadline of April 1, 2026, a dispositive motion deadline of April 21, 2026, and a trial date of September 15, 2026. In February 2026, Plaintiff noticed the depositions of three Defendants.

On March 2, 2026, the parties filed another joint motion to extend the deadlines for another 90 days to take additional depositions and prepare and disclose expert witness reports. The Court granted the motion and directed the parties to file a new Rule 26(f) Report. The parties submitted the Report on March 19, 2026, and the Court entered a new Amended Scheduling Order on March 20, 2026, which included a deposition deadline of June 30, 2026, a dispositive motion deadline of July 20, 2026, and a trial date of November 3, 2026. On July 9, 2026, more than a week after the deposition deadline, Defendants filed the current Motion to Extend the Deposition and Dispositive Motion Deadlines for a period of forty-five days. That same day, Plaintiff filed a Motion for Partial Summary Judgment.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours & Co.*, 867 F. Supp. 1238, 1250 (D.S.C. 1994) (citations omitted). As Defendants filed their motion after the discovery and deposition deadlines in the Amended Scheduling Order had passed, the Court must apply the "good cause" standard found in Federal Rule of Civil Procedure 16(b)(4) to determine whether the motion should be granted. *See Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026) (stating "Rule 16(b)(4)'s good cause standard must be satisfied" when a motion is made after the scheduling order's deadlines have passed (citing Fed. R. Civ. P. 16(b)(4) ("A schedule

may be modified *only* for good cause . . . ." (emphasis added in *Eichin*)); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.")). Although the parties in this action also argue about whether Defendants can meet the "excusable neglect" standard found in Rule 6(b)(1),[1] the Fourth Circuit recently stated that, to the extent a movant seeks to extend a deadline in a scheduling order, it is a request to modify that order and "Rule 16(b)(4)'s good cause standard must be satisfied." *Id.* (recognizing that both rules are implicated, but affirming the district court's decision to give Rule 16(b)(4) precedence over Rule 6(b)(1) when a party seeks to extend a deadline established in a scheduling order after the deadline has passed; (citations omitted)); *see Eichin v. Ethicon Endo-Surgery, Inc.,* Civ. Act. No. 4:21-274-JD, 2024 WL 4564611, at *5 (D.S.C. Oct. 24, 2024), *aff'd sub nom. Eichin*, 173 F.4th 124 (finding "[o]ther courts in this Circuit have held that the good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)" (cleaned up; citation omitted)).

The Fourth Circuit has held that "'a finding of good cause under Rule 16 depends on the diligence of the party seeking amendment.'" *Id.* (quoting *Faulconer v. Centra Health, Inc.*, 808 Fed. App. 148, 152 n.1 (4th Cir. 2020) (collecting cases)). "Only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Bhambhani v. Neuraxis, Inc.*, Civ. Act. No. 22-1764, 2024 WL 2815063, at *2 (4th Cir. June 3, 2024) (citation omitted). The

---

[1] Rule 6(b)(1)(B) applies to extending time generally and states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

good cause standard cannot be met if the movant was simply careless. *W. Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc*., 200 F.R.D. 564, 567 (S.D. W. Va. 2001).

In this case, Defendants argue that good cause exists because on March 23, 2026, counsel's law firm suddenly announced it was ceasing active operations in late Spring or early Summer. Counsel assert they scrambled to find employment with another law firm and started with their new firm on April 30. Even then, however, the process of transferring all the electronic data between counsel's previous law firm to the new law firm proved arduous and was not completed until mid-June.

Although the Court appreciates these circumstances likely presented a very difficult and stressful time for counsel, the Court finds there are a number of factors that undercut Defendants' argument these circumstances constitute good cause. First, the Court granted the parties' joint request for an extension just a few days before counsel's firm announced it was wrapping up its business. Thus, it should have been fresh in counsel's mind and counsel should have known that depositions needed to be noticed and taken within the time frame they requested and were given. Second, at no point during this litigation did defense counsel notice any depositions, despite the fact the Court granted previous extensions for discovery and Plaintiff noticed three depositions in February 2026. Third, even if counsel forgot when the deadlines were and the electronic transfer of data was delayed from one firm to the other, the deadlines were readily available and easily accessible on the Court's Pacer system, which defense counsel used to file Notices of Change of Attorney Information on May 1 and a Certificate of Service for Rule 26(a)(2) Expert Witness Disclosures on May 29. Fourth, defense counsel assert that, even if they knew the deadlines, they could not adequately prepare for any depositions without the electronic data. However, counsel admit that the transfer was completed by the middle of June, which was before the June 30

-5-

deadline. In addition, if counsel believed additional time was needed to prepare for the depositions, there was nothing to prevent counsel from moving for an additional extension before the deadline passed. Yet, counsel let the deadline lapse and waited until July 9 to file the motion.

Accordingly, for these reasons, the Court finds there was no diligent effort to comply with the deadlines, and counsel's failure to comply was simple carelessness. Therefore, the Court finds that counsel have not met their burden of demonstrating good cause to extend the deadlines in the Amended Scheduling Order and **DENIES** Defendants' motion.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER:      July 16, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE