**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TUYET N. VAN,

Plaintiff,

v. CIVIL ACTION NO. 3:25-0187

DESTINY NICOLE FERGUSON,
individually & in her official capacity as a
Deputy for the Cabell County Sheriff's Office,
CHUCK ZERKLE,
individually and as the former Elected Sheriff of
Cabell County, West Virginia,
DOUG ADAMS,
individually and as the now Elected Sheriff of
Cabell County, West Virginia,
CABELL COUNTY COMMISSION,
a West Virginia political subdivision, and
JOHN DOE 1-10,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Tuyet N. Van's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses and for an Order Establishing Material Facts Under Rule 56(g) (ECF No. 53, Pl.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion **in part**, **DENIES** the Motion **in part**, and **DENIES** the Motion **as moot in part**.

**BACKGROUND**

Following an accident, Plaintiff Tuyet N. Van took her vehicle to Express Oil Change & Tire to have it repaired. *See* ECF No. 62, Ex. 2, Ferguson Dep. 191. When Ms. Van came to pick up her vehicle, she asked to test-drive it before paying for the repairs. ECF No. 62, Ex. 1, CCSO Rpt. 3. An Express Oil employee, Bobby Dement, agreed but told Van he would need to

accompany her. *See id.* Dement claims Van got in the vehicle and locked the doors before Dement could join her. *See id.* According to Dement, Van then sped away and parked her vehicle across the street at Sunny Nails, a nail salon where she worked. *See id.*; Ferguson Dep. 195.

Express Oil's manager, Harry Wilks, went to the salon and asked Van to pay her bill. CCSO Rpt. 3. Van refused. *Id.* Mr. Wilks then contacted law enforcement. *Id.*

Defendant Destiny Nicole Ferguson, a Deputy with the Cabell County Sheriff's Office, went to Sunny Nails to speak with Ms. Van. *See id.* Deputy Ferguson asked Ms. Van to accompany her to Express Oil so Van could pay her bill. *See id.* Van refused. *See id. See* ECF No. 64, Video 1, at 0:01–0:04.

Ms. Van started walking away from Ferguson. *See id.* at 0:09–0:16. Ferguson eventually handcuffed one of Van's wrists, but Van pulled her arm away as Ferguson tried to secure the other wrist. *See id.* at 1:13–1:18. Ferguson then shot Ms. Van with her Taser. *See* Ferguson Dep. 294–95. Van fell to the ground, striking her head. Video 1, at 3:02–3:05.

Ms. Van filed the present action, asserting Defendants violated her rights under federal and state law. *See* ECF No. 4 ¶ 13. In their Answer, Defendants raised several "affirmative defenses." *See* ECF No. 12, at 27–30. These defenses included the following:

> THIRTEENTH DEFENSE
>
> The Plaintiff's claims are barred by her failure to mitigate damages, if any.
>
> FOURTEENTH DEFENSE
>
> To the extent any of the following affirmative defenses are applicable based upon the evidence adduced in these matter, these Defendants invoke the following defenses: accord and satisfaction, advice of counsel, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, intervening cause, waiver, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, collateral estoppel, statute of frauds, expiration of the statute of limitations, sophisticated user, State of the Art, any applicable statute of repose, lack of personal or subject

> matter jurisdiction, and any other matter constituting an avoidance or affirmative defense.
>
> . . .
>
> SIXTEENTH DEFENSE
>
> That the alleged damages, of which the Plaintiff complains, were caused by the misconduct of Plaintiff or acts of others over which these Defendants had no control.

*Id.* at 29.

Plaintiff's Motion requests summary judgment on these defenses. *See* ECF No. 54, Pl.'s Mem. 15. It also asks the Court to establish certain facts pursuant to Federal Rule of Civil Procedure 56(g). *See id.*

## LEGAL STANDARD

### A. Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence presented would allow a reasonable factfinder to find for the nonmovant. A fact is 'material' if it may influence the outcome of the suit under governing law." *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024) (internal citations omitted). In deciding whether to grant summary judgment, "a court must view all facts, and reasonable inferences taken therefrom, in the light most favorable to the nonmoving party . . . ." *Id.*

### B. Establishing Facts Under Rule 56(g)

"If the court does not grant all the relief requested by" a summary-judgment motion, "it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the facts as established in the case." Fed. R. Civ. P. 56(g).

## ANALYSIS

### A. Affirmative Defenses

Defendants do not dispute Plaintiff is entitled to summary judgment on the following defenses: accord and satisfaction, advice of counsel, arbitration and award, waiver, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, collateral estoppel, statute of frauds, expiration of the statute of limitations, sophisticated user, State of the Art, any applicable statute of repose, or lack of personal or subject matter jurisdiction. *See* ECF No. 66, Defs.' Resp. 2, 6. The Court discusses the disputed defenses below.

#### *i. Failure to Mitigate*

Ms. Van was first treated for her injuries on April 5, 2024. *See* Defs.' Resp., Ex. 1, at 1. She then completed several physical-therapy sessions. *See* Defs.' Resp., Ex. 3, at 5–6. Her last session was on June 7, 2024. *See id.* at 6. Van did not seek any additional treatment until April 2, 2025. *See* Defs.' Resp., Ex. 1, at 5. On April 2, she went to an emergency room and said she had been experiencing dizziness and headaches since the tasing incident. *See id.* A doctor recommended she complete additional physical therapy. *See* Defs.' Resp., Ex. 2, at 2. She did so. *See* Defs.' Resp., Ex. 3, at 2–4.

Ms. Van argues Defendants have no "evidence that the gap" in her treatment "caused or enlarged [her] damages." ECF No. 74, Pl.'s Reply 8. This is wrong. Van's medical records show she experienced symptoms for months before she sought additional treatment. Once she reported those symptoms, she completed another round of physical therapy. Accordingly, following up earlier could have saved her from months of dizziness and headaches. A reasonable jury could find that Van failed to mitigate her damages.

*ii. Comparative & Contributory Negligence; Plaintiff's Alleged Misconduct*[1]

Ms. Van argues Defendants' fault-allocation defenses do not apply to Van's § 1983 or intentional-tort claims. *See* Pl.'s Mem. 8–9. Defendants do not dispute this. *See* Defs.' Resp. 2–4. But they argue Van's conduct is still a defense to her negligent-training-and-supervision claim. *See id.* at 3–4. The Court agrees. The record shows Van resisted arrest. Physical injury is a foreseeable result of resisting arrest, even when, as Van argues, the arrest is unlawful. Accordingly, a reasonable jury could conclude Van's negligence contributed to her injuries.

*iii. Assumption of Risk*

Ms. Van argues the assumption-of-the-risk defense does not apply to this action because "there is no evidence that [she] voluntarily and knowingly assumed any risk of being tased at her own workplace." Pl.'s Mem. 9. The Court agrees. Under West Virginia law, a plaintiff's "voluntary and unnecessary encountering of danger amounts to an assumption of risk and bars recovery, if he had knowledge of the danger, or, by reason of its obviousness, he was bound to know it." *Shriver v. Marion Cnty. Ct.*, 66 S.E. 1062, 1064 (W. Va. 1910). Here, there is no evidence Van knew, or was bound to know, she would be tased if she resisted arrest. This is especially true given Deputy Ferguson's failure to warn Van before tasing her. The Court will grant summary judgment with respect to this defense.

*iv. Intervening Cause*

Under West Virginia law, "[a]n intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent act, or omission, which constitutes a new effective cause and operates independently of any other act, making it and it only, the

[1] The Court understands these defenses to be one and the same. The West Virginia Supreme Court of Appeals has "abolished the doctrine of contributory negligence and adopted the doctrine of comparative fault . . . ." *Hersh v. E-T-Enters.*, 752 S.E.2d 336, 346 (W. Va. 2013). Defendants' "misconduct" defense, meanwhile, sounds in comparative negligence.

proximate cause of the injury." Syl. Pt. 10, *Boyce v. Monongahela Power Co.*, 894 S.E.2d 913 (W. Va. 2023) (quoting Syl. Pt. 3, *Wehner v. Weinstein*, 444 S.E.2d 27 (1994)).

Defendants have not explained what, if anything, might constitute an intervening cause in this case. In their Response, they state that "Plaintiff's momentum from . . . her attempt to get away from Deputy Ferguson[] . . . carried forward and she struck her head against a table." Defs.' Resp. 3. But the Court agrees with Van that "[t]he momentum of a body whose neuromuscular control has been electrically overridden is not a 'new effective cause' operating 'independently' of [a Taser] deployment . . . ." Pl.'s Reply 6. The Court will grant summary judgment with respect to this defense.

**B. Request to Establish Facts**

Ms. Van asks the Court to "establish" certain facts which she believes are undisputed. *See* Pl.'s Mem. 12. The Court declines to do so. Even if these facts are "undisputed," the parties will likely frame them quite differently at trial. The Court is not inclined to put its thumb on the scale by sharing Plaintiff's preferred framing with the jury.

**CONCLUSION**

The Court **GRANTS in part**, **DENIES in part**, and **DENIES as moot in part** Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses and for an Order Establishing Material Facts Under Rule 56(g) (ECF No. 53). The Court **ORDERS** Defendants not to put forward any of the following defenses at trial: accord and satisfaction, advice of counsel, arbitration and award, waiver, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, collateral estoppel, statute of frauds, expiration of the statute of limitations, sophisticated user, State of the Art, any applicable statute of repose, lack of personal or subject matter jurisdiction, assumption of risk, or intervening cause.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE