**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TUYET N. VAN,

Plaintiff,

v. CIVIL ACTION NO. 3:25-0187

DESTINY NICOLE FERGUSON,
individually & in her official capacity as a
Deputy for the Cabell County Sheriff's Office,
CHUCK ZERKLE,
individually and as the former Elected Sheriff of
Cabell County, West Virginia,
DOUG ADAMS,
individually and as the now Elected Sheriff of
Cabell County, West Virginia,
CABELL COUNTY COMMISSION,
a West Virginia political subdivision, and
JOHN DOE 1-10,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Appeal (ECF No. 86). For the reasons stated below, the Court **GRANTS** the Motion.

**BACKGROUND**

Following an accident, Plaintiff Tuyet N. Van took her vehicle to Express Oil Change & Tire to have it repaired. *See* Mot. Summ. J. by Doug Adams, Cabell County Commission, Chuck Zerkle (County Defs.), ECF No. 62, Ex. 2, Ferguson Dep. at 191. When Ms. Van came to pick up her vehicle, she asked to test-drive it before paying for the repairs. County Defs.' Mot. Summ. J., Ex. 1, CCSO Rpt. at 3. An Express Oil employee, Bobby Dement, agreed but told Van he would

need to accompany her. *See id.* Dement claims Van got in the vehicle and locked the doors before Dement could join her. *See id.* According to Dement, Van then sped away and parked her vehicle across the street at Sunny Nails, a nail salon where she worked. *See id.*; Ferguson Dep. at 195.

Express Oil's manager, Harry Wilks, went to the salon and asked Van to pay her bill. CCSO Rpt. at 3. Van refused. *Id.* Mr. Wilks then contacted law enforcement. *Id.*

Defendant Destiny Nicole Ferguson, a Deputy with the Cabell County Sheriff's Office, went to Sunny Nails to speak with Ms. Van. *See id.* Deputy Ferguson asked Ms. Van to accompany her to Express Oil so Van could pay her bill. *See id.* Van refused. *See id.*; ECF No. 64, Video 1, at 0:01–0:04.

Ms. Van started walking away from Ferguson. *See id.* at 0:09–0:16. Ferguson eventually handcuffed one of Van's wrists, but Van pulled her arm away as Ferguson tried to secure the other wrist. *See id.* at 1:13–1:18. Ferguson then shot Ms. Van with her Taser. *See* Ferguson Dep. at 294–95. Van fell to the ground, striking her head. Video 1, at 3:02–3:05.

On August 21, 2026, this Court entered an Order granting in part and denying in part Defendant Destiny Nicole Ferguson's Motion for Summary Judgment. Def. Ferguson's Summ. J. Order, ECF No. 81. The same day, this Court entered an Order granting in part and denying in part County Defendants' Motion for Summary Judgment. County Defs.' Summ. J. Order, ECF No. 83.

On September 1, 2026, Defendants appealed from the judgments. Notice Interloc. Appeal, ECF No. 85. The same day, Defendants filed the instant Motion to Stay Proceedings Pending Appeal. Mot. Stay Pending Appeal (ECF No. 86).

Plaintiff later filed a Cross-Motion to Certify Defendants' Appeal as Frivolous in Part, to Sever Counts IV and V, and to Proceed to Trial. ECF No. 91.

## LEGAL STANDARD

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, "[n]otice of appeal from an unappealable order does not divest the district court of jurisdiction." *Ore & Chem. Corp. v. Stinnes Interoil, Inc.*, 611 F. Supp. 237, 239 (S.D.N.Y. 1985) (citing *Leonhard v. United States,* 633 F.2d 599, 610 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 (1981)). In cases of unappealable qualified immunity orders, several circuits have embraced a practice whereby a district court can certify the appeal as frivolous and "retain jurisdiction pending summary disposition of the appeal." *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996) (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Yates v. Cleveland*, 941 F.2d 444, 448–49 (6th Cir. 1991); *Stewart v. Donges*, 915 F.2d 572, 576–77 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). Yet, "[u]ltimately, determination regarding appealability is for the court of appeals." *Ore & Chem. Corp.*, 611 F. Supp. at 240 (citing *In re Martin-Trigona*, 763 F.2d 135, 138 (2d Cir. 1985)).

## ANALYSIS

Defendants seemingly appeal the entirety of this Court's Summary Judgment Orders as to both Defendant Ferguson (ECF No. 81) and Defendants Cabell County Commission, Chuck Zerkle, and Doug Adams (ECF No. 83). *See* Notice Interloc. Appeal. *But see* 4th Cir. Docketing Statement (Case No. 26-6951), ECF No. 16, at 3 (omitting Count VII for state law battery and Count VIII for state law assault from issues for appeal). As these claims are now pending before the Fourth Circuit, this Court does not have jurisdiction to hear them. *See Griggs*, 459 U.S. at 58. While there are very real questions about the appealability of several of the Court's rulings under

the collateral order doctrine and pendent jurisdiction, *see* Pl.'s Mem. Opp'n Mot. Stay Pending Appeal & Supp. Cross-Mot. Certify Appeal, ECF No. 92, at 7–10, these issues are for the Fourth Circuit and not this Court to decide. *See In re Martin-Trigona*, 763 F.2d at 138 ("Obviously, a court must determine its own jurisdiction." (citing *United States v. United Mine Workers*, 330 U.S. 258, 292 n.57 (1947))). Since there are no other claims presently pending before the Court, there is nothing for this Court to hear. Accordingly, the Court must stay its proceedings.

Moreover, even assuming Plaintiff's argument that Counts I, II, VII, VIII, and X are not appealable, *see* Pl.'s Mem. Opp'n Mot. Stay Pending Appeal, at 1–2, all of the claims are intertwined. Each claim emanates from the same incident and implicates qualified immunity in some respect. Thus, to promote efficient judicial administration and hear related claims together, the Court would hold in abeyance any non-appealable claims pending resolution of the appeal.

**CONCLUSION**

Accordingly, the Court **GRANTS** Defendants' Motion to Stay Proceedings Pending Appeal (ECF No. 86). The Court **CANCELS** the Court's Amended Scheduling Order (ECF No. 49). The Court will issue a new scheduling order after resolution of the appeal.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 23, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE