**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TUYET N. VAN,

Plaintiff,

v. CIVIL ACTION NO. 3:25-0187

DESTINY NICOLE FERGUSON,
individually & in her official capacity as a Deputy for the Cabell County Sheriff's Office,
CHUCK ZERKLE,
individually and as the former Elected Sheriff of Cabell County, West Virginia,
DOUG ADAMS,
individually and as the now Elected Sheriff of Cabell County, West Virginia,
CABELL COUNTY COMMISSION,
a West Virginia political subdivision, and
JOHN DOE 1-10,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Cross-Motion to Certify Defendants' Appeal as Frivolous in Part, to Sever Counts IV and V, and to Proceed to Trial (ECF No. 91). For the reasons stated below, the Court **DENIES** the Motion.

**BACKGROUND**

Following an accident, Plaintiff Tuyet N. Van took her vehicle to Express Oil Change & Tire to have it repaired. *See* Mot. Summ. J. by Doug Adams, Cabell County Commission, Chuck Zerkle (County Defs.), ECF No. 62, Ex. 2, Ferguson Dep. at 191. When Ms. Van came to pick up her vehicle, she asked to test-drive it before paying for the repairs. County Defs.' Mot. Summ. J.,

Ex. 1, CCSO Rpt. at 3. An Express Oil employee, Bobby Dement, agreed but told Van he would need to accompany her. *See id.* Dement claims Van got in the vehicle and locked the doors before Dement could join her. *See id.* According to Dement, Van then sped away and parked her vehicle across the street at Sunny Nails, a nail salon where she worked. *See id.*; Ferguson Dep. at 195.

Express Oil's manager, Harry Wilks, went to the salon and asked Van to pay her bill. CCSO Rpt. at 3. Van refused. *Id.* Mr. Wilks then contacted law enforcement. *Id.*

Defendant Destiny Nicole Ferguson, a Deputy with the Cabell County Sheriff's Office, went to Sunny Nails to speak with Ms. Van. *See id.* Deputy Ferguson asked Ms. Van to accompany her to Express Oil so Van could pay her bill. *See id.* Van refused. *See id.*; ECF No. 64, Video 1, at 0:01–0:04.

Ms. Van started walking away from Ferguson. *See id.* at 0:09–0:16. Ferguson eventually handcuffed one of Van's wrists, but Van pulled her arm away as Ferguson tried to secure the other wrist. *See id.* at 1:13–1:18. Ferguson then shot Ms. Van with her Taser. *See* Ferguson Dep. at 294–95. Van fell to the ground, striking her head. Video 1, at 3:02–3:05.

On August 21, 2026, this Court entered an Order granting in part and denying in part Defendant Destiny Nicole Ferguson's Motion for Summary Judgment. Def. Ferguson's Summ. J. Order, ECF No. 81. The same day, this Court entered an Order granting in part and denying in part County Defendants' Motion for Summary Judgment. County Defs.' Summ. J. Order, ECF No. 83.

On September 1, 2026, Defendants appealed from the judgments. Notice Interloc. Appeal, ECF No. 85. The same day, Defendants filed a Motion to Stay Proceedings Pending Appeal. Mot. Stay Pending Appeal. ECF No. 86. Plaintiff then filed the instant Cross-Motion to Certify Defendants' Appeal as Frivolous in Part, to Sever Counts IV and V, and to Proceed to Trial (ECF No. 91).

## LEGAL STANDARD

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, "[n]otice of appeal from an unappealable order does not divest the district court of jurisdiction." *Ore & Chem. Corp. v. Stinnes Interoil, Inc.*, 611 F. Supp. 237, 239 (S.D.N.Y. 1985) (citing *Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980), *cert. denied*, 451 U.S. 908, 101 (1981)). In cases of unappealable qualified immunity orders, several circuits have embraced a practice whereby a district court can certify the appeal as frivolous and "retain jurisdiction pending summary disposition of the appeal." *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996) (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Yates v. Cleveland*, 941 F.2d 444, 448–49 (6th Cir. 1991); *Stewart v. Donges*, 915 F.2d 572, 576–77 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). Yet, "[u]ltimately, determination regarding appealability is for the court of appeals." *Ore & Chem. Corp.*, 611 F. Supp. at 240 (citing *In re Martin-Trigona*, 763 F.2d 135, 138 (2d Cir. 1985)).

## ANALYSIS

Plaintiff argues that this Court should certify Defendants' appeal as frivolous in part and retain jurisdiction under the district court practice highlighted in *Behrens*. Pl.'s Mem. Opp'n Mot. Stay Pending Appeal & Supp. Cross-Mot. Certify Appeal, ECF No. 92, at 14; *see Behrens*, 516 U.S. at 310–11. First, Plaintiff contends that "the appeal is frivolous insofar as it contests this Court's genuine-dispute findings on Counts I, II, VII, and VIII." Pl.'s Mem. Opp'n Mot. Stay Pending Appeal, at 15. Plaintiff argues that "[a]n appeal from an evidence-sufficiency determination is not merely weak; it is one over which the Fourth Circuit 'possess[es] no

jurisdiction,' . . . and therefore one that 'does not transfer jurisdiction to the court of appeals' . . . ." *Id.* (citations omitted). Even if this were true, Defendants raise legal claims over which the Fourth Circuit could have jurisdiction. *See Iko v. Shreve*, 535 F.3d 225, 234–35 (4th Cir. 2008); Mem. Supp. Mot. Stay Pending Appeal, ECF No. 87, at 2, 5 (arguing that Counts I and II are appealable under the collateral order doctrine); Reply Mot. Stay Pending Appeal & Resp. Cross-Mot. Certify Appeal, ECF No. 94, at 14 (arguing that Counts VII and VIII are "inextricably intertwined" with the qualified immunity issue). While the Fourth Circuit will ultimately decide whether jurisdiction exists for these claims, Defendants raise plausible enough arguments for appealability that this Court cannot say that they are "frivolous." Additionally, Plaintiff argues that "[t]his Court has already characterized Ferguson's principal qualified-immunity argument as 'frivolous' . . . ." Pl.'s Mem. Opp'n Mot. Stay Pending Appeal, at 15. This argument seeks to substitute this Court's reasoning on the applicability of case law on the merits for commentary on the appealability of the claim. *See id.*; Def. Ferguson's Summ. J. Order, at 5. This logic does not work. Accordingly, the Court is unwilling to certify these appeals as frivolous.

Second, Plaintiff seemingly contests the appeal of Count X and asserts that "the appeal is frivolous insofar as it purports to be taken by the County Defendants, who have no appealable order and whose pendent-jurisdiction theory is foreclosed by *Swint*, *Bellotte*, *Atkinson*, and *King*." *See* Pl.'s Mem. Opp'n Mot. Stay Pending Appeal, at 16. Defendants meanwhile cite case law on pendent jurisdiction and argue that Count X is "inextricably intertwined and predicated upon . . . Deputy Ferguson's alleged conduct and the denial of qualified immunity." *See* Reply Mot. Stay Pending Appeal, at 5. Questions of appealability will ultimately be resolved by the Fourth Circuit. Yet, at this juncture, Defendants have raised a plausible enough argument for pendent jurisdiction that this Court is unwilling to deem their appeal "frivolous."

Finally, Plaintiff asks the Court to Sever Counts IV and V and to Proceed to Trial. Since this Court is unwilling to certify any portion of the present appeal as frivolous and no other claims are currently pending before this Court, this Court declines to sever any counts or proceed to trial at this time.

**CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's Cross-Motion to Certify Defendants' Appeal as Frivolous in Part, to Sever Counts IV and V, and to Proceed to Trial (ECF No. 91).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 23, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE